Leo James Terrell, State Bar No. 149693
LAW OFFICES OF LEO JAMES TERRELL
8383 Wilshire Blvd., Suite 920
Beverly Hills, California 90211
(323) 655-6909\FAX (323) 655-5104
Email: civil1975@aol.com

Attorneys for Plaintiff,
Andrea Guy Jackson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUY JACKSON, | CASE NO.: CV-10-2143 DMG (Jcx) |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| CITY OF BEVERLY HILLS; and DOES 1 THROUGH 20, inclusive, | |
| Defendants. | |
| | Hearing Date: May 24, 2010 |
| | Time: 9:30 a.m. |
| | Courtroom: Hon. Dolly M. Gee |
| | Courtroom 7 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff ANDREA GUY JACKSON, by and through her attorney of record, Leo James Terrell, hereby submits the following Opposition to Defendant's 12(b)(6) Motion to Dismiss for failure to state a claim.  This Opposition is based on the following grounds:

1) Plaintiff has exhausted her administrative remedies with respect to her first Cause of Action for retaliation when she received the Right-to-Sue Notice from the DFEH,

2) Plaintiff had 300 days from the date of the last discriminatory act in which to file a Charge of Discrimination with either the Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment and Housing ("DFEH"),

3) The issues identified by Defendant with regard to Plaintiff's claims under the Fair Labor Standards Act ("FLSA") can be easily remedied by a Third Amended Complaint,

4) Defendant's failure to provide Plaintiff with the Settlement Agreement was an adverse employment action,

5) Plaintiff moves to amend her Complaint as necessary in order to include a claim for discrimination under the California Fair Employment and Housing Act ("FEHA").

Plaintiff notes this Motion should have been avoided.  Plaintiff has repeatedly requested Defendant withdraw its Motion and stipulate to allow Plaintiff to amend her Complaint as necessary.  Moreover, Plaintiff has also obtained a ruling granting her leave to amend in the case of *Wilcher v. City of Beverly Hills,* which by Defendant's own motion is related to the present case.  (Notice of Related case is attached herein.)  Plaintiff contends Defendant's act of submitting the same arguments in the present Motion that Defendant made in

1   *Wilcher* is an improper attempt to obtain inconsistent rulings between the two

2   cases.  Plaintiff therefore respectfully attaches the ruling of Judge Valerie

3   Fairbanks in *Wilcher v. City of Beverly Hills*, case No. 2:10-cv-01804-VBF-AGR.

4   ## II.   STATEMENT OF FACTS

5   　　　Plaintiff is currently employed by Defendant City of Beverly Hills.  Plaintiff

6   began working for Defendant City in or about 1993 as a jailer for the Beverly Hills

7   Police Department.  Plaintiff continued in her position as a jailer until about

8   November 2008 when she transferred to the Records Department.

9   　　　From about 2007-2009, Plaintiff lodged internal complaints with Defendant

10   City, alleging discrimination on the basis of race,  harassment, hostile work

11   environment, and retaliation.

12   　　　After lodging these complaints, Plaintiff applied for promotional and

13   transfer opportunities within the Beverly Hills Police Department as Jail

14   Supervisor,  in which she was well qualified for.  Plaintiff was denied these

15   opportunities while less experienced employees were awarded the promotions or

16   transfers. Plaintiff believes the failure to be promoted or transferred to certain

17   positions was a form of retaliation by Defendant in response to Plaintiff's prior

18   complaints.

19   　　　On or about August 6, 2008, Plaintiff filed a Charge of Discrimination with

20   the EEOC against Defendant City.  Plaintiff alleged that Defendant discriminated

21   against her, harassed her and subjected her to different terms and conditions of

22   employment because of her race.

23   　　　Between about August 2008 and about November 2008, Defendant required

24   Plaintiff to work 18-hour shifts in excess of 40 hours per week.   During these long

25   work shifts, Plaintiff was not afforded a meal break or even a 10 minute break

26   because no other jailer was assigned during her shift to relieve her.  As outlined in

27   Plaintiff's Second Amended Complaint, Plaintiff was never compensated for

28   working these long shifts that went well beyond the 12-hour shifts that *she was*

1   supposed to work. Plaintiff contends these subsequent acts by Defendant after

2   Plaintiff filed her August 2008 EEOC Charge constitute a form of retaliation.

3   In or before December 2009, Plaintiff was informed by the president of the

4   Beverly Hills Safety Support Association that a new contract entitled "Settlement

5   Agreement and General Release of Claims" ("Settlement Agreement") was

6   circulating from Defendant. The contracted provided that employees who signed

7   the letter would forfeit their right to sue Defendant for having to work excessive

8   hours and, in turn, these employees would get to keep their current work

9   schedules. Although Defendant provided the Settlement Agreement to other

10   employees in the Records Department, the document was never offered to

11   Plaintiff. Plaintiff contends this act by Defendant was a further act of retaliation

12   against Plaintiff for filing the initial charge of discrimination in August 2008 with

13   the EEOC.

14   On or about February 2, 2010, Plaintiff filed a Complaint of Discrimination

15   with the DFEH regarding this most recent acts of retaliation by Defendant

16   described above, for which the Right-to-Sue Notice was received in March, 2010.

17   **III.   APPLICABLE STANDARD FOR MOTION TO DISMISS**

18   A Rule 12(b)(6) motion is similar to the common law general demurrer: i.e.,

19   it tests the legal sufficiency of the claim or claims stated in the Complaint. When

20   ruling on a Rule 12(b)(6) motion, the court must accept as true the facts alleged in

21   the complaint and construe them in the light most favorable to the Plaintiff.

22   *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

23   Meanwhile, under Federal Rule of Civil Procedure 8(a)(2), a complaint need

24   only contain a "short and plaint statement of the claim showing that the pleader is

25   entitled to relief." Detailed factual allegations are not required, *Bell Atlantic Corp.*

26   *v. Twombly*, 550 U.S. 544, 555 (2007), bu the Rule does call for sufficient factual

27   matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*

28   at 570. A claim is plausible on its face when the pleaded factual content allows

1 | the court to draw the reasonable inference that the defendant is liable for the
2 | misconduct alleged. *Id.* at 556.

3 | **IV.   ARGUMENT**

4 | **A.   Defendant's Motion to Dismiss Should Be Denied Because**
5 | **Plaintiff has Received a Right-to-Sue Notice from the DFEH**

6 | Rule 15(a) of the Federal Rules of Civil Procedure provides: "a party may
7 | amend its pleading with the opposing party's written consent or the court's leave.
8 | The court should freely give leave *when justice so requires.*" (Emphasis added.)
9 | Accordingly, the Ninth Circuit follows a "strong policy permitting amendment,"
10 | *Fuller v. Vines*, 36 F.3d 65, 67 (9th Cir. 1994), and cautions that leave to amend
11 | should only be denied in extreme cases such as undue delay, bad faith, or dilatory
12 | motive on the part of the movant. *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir.
13 | 2004).

14 | Defendant contends that Plaintiff has failed to exhaust her administrative
15 | remedies prior to filing her claim for retaliation in violation of Title VII.
16 | Defendant does not dispute the City's failure to promote or transfer Plaintiff was
17 | an act of retaliation. Rather, Defendant points to Plaintiff's remaining allegations
18 | contained in her first Cause of Action, in which Plaintiff alleged retaliation by
19 | Defendant for Defendant's acts of requiring Plaintiff to work 18-hour shifts
20 | without meal or rest periods and failing to offer Plaintiff the Settlement
21 | Agreement. Although Plaintiff submitted a Complaint for these acts of retaliation
22 | to the DFEH in or about February 2010, Defendant argues Plaintiff's failure to
23 | obtain a Right-to-Sue Notice equates to a failure to exhaust administrative
24 | remedies.

25 | Defendant's argument is without merit. Although several incidents
26 | contained in Plaintiff's first cause of action occurred after Plaintiff's EEOC
27 | Charge of August 2008, Plaintiff subsequently filed a Complaint of Discrimination
28 | with the DFEH on or about February 2, 2010. In this DFEH Complaint, Plaintiff

1   states she was subjected to retaliation by the Defendant in the form of the City

2   requiring Plaintiff to work 18 hour shifts without meal or rest breaks, and failing

3   to provide Plaintiff with a document entitled "Settlement Agreement and General

4   Release of Claims." Therefore, while it is true these incidents were not included

5   in the original EEOC Charge, they *were* included in the subsequent DFEH

6   Complaint. Since the filing of Plaintiff's Second Amended Complaint, Plaintiff

7   has received the DFEH Right-to-Sue Notice which is attached herein. Plaintiff has

8   therefore exhausted her administrative remedies with regard to all incidents

9   alleged in her first cause of action and accordingly moves for leave to file a Third

10  Amended Complaint.

11  **B.      The 180 Day Statute of Limitations Contained in Title VII is**

12  **Inapplicable**

13  Pursuant to 42 U.S.C. § 2000e-8(b), state agencies are authorized to

14  investigate and enforce Title VII claims pursuant to worksharing agreements with

15  the EEOC. Such agreements allow for dual-filing, in which charges filed with the

16  EEOC may be automatically forwarded to the DFEH and vice versa. *Laquaglia v.*

17  *Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1176 (9th Cir. 1999). In the event a

18  complaint is dual-filed, the 180 day statute of limitations provided in Title VII is

19  inapplicable. Rather, the plaintiff will have 300 days in which to file a charge of

20  discrimination under Title VII. *Bouman v. Block,* 940 F.2d 1211, 1220 (9th Cir.

21  1991).

22  Plaintiff became aware of her non-selection for promotion on or about

23  November 10, 2007, and Defendant therefore argues Plaintiff should have filed

24  her EEOC Charge on May 8, 2008. However, as outlined above, Plaintiff had 300

25  days from November 10, 2007 in which to file her complaint, which would have

26  extended her time to file a complaint to September 5, 2008. Therefore, her EEOC

27  Charge of August 2008 was timely and the 180 day limitation of Title VII is

28  inapplicable.

1    To the extent Defendant argues Plaintiff was required to first file with the

2    DFEH in order to extend the statute of limitations, Defendant is incorrect.  In

3    *Bouman*, the 9th Circuit expressly held that where the EEOC forwards a complaint

4    to the appropriate state agency and defers jurisdiction, the extension period is

5    triggered regardless of whether the complaint was first received by the EEOC or

6    the state.  *Id.* at 1220.  Plaintiff's Notice to Complainant and Respondent which

7    was received from the DFEH and dated August 21, 2008 and attached as an

8    exhibit to Plaintiff's Second Amended Complaint, indicates the number of the

9    corresponding EEOC Charge evidencing the Charge was dual-filed.  Therefore,

10    Defendant's contention Plaintiff's Charge was procedurally untimely is erroneous.

11    C.    **Plaintiff Moves for Leave to File Her Proposed Third Amended**

12          **Complaint with Regard to Her Claims for Violation of the FLSA**

13    In response to Plaintiff's Second Claim for Willful Violation of the FLSA,

14    Defendant argues that 1) there is no federal requirement for daily overtime, and 2)

15    federal law does not require meal periods or rest periods.  However, as discussed

16    below, these issues can be easily remedied by Plaintiff's proposed Third Amended

17    Complaint.

18    1.    **Defendant is Required to Compensate Plaintiff for Overtime;**

19          **Plaintiff has not been Provided Compensatory Time in Lieu of**

20          **Overtime Payments**

21    Defendant argues Plaintiff's Claim for willful violation of the FLSA fails

22    because there is no federal statute that requires Defendant to provide

23    compensation for daily overtime.  Defendant notes that although the FLSA

24    provides overtime for work in excess of 40 hours per week, Plaintiff does not

25    allege to have worked in excess of 40 hours in any given week.  Additionally,

26    Defendant points to 29 U.S.C. § 207(o), which allows for compensatory time in

27    lieu of overtime payments, provided that the compensatory time is made pursuant

28    to an agreement between the employer and employee.

1  Plaintiff contends that she has not only worked in excess of 18 hours per
2  day, but also in excess of 40 hours per week.  Plaintiff notes she explicitly stated
3  in her Second Amended Complaint that she was not compensated for these long
4  work shifts.  (SAC ¶ 20.)  Therefore, Plaintiff was not provided with
5  compensatory time pursuant to any agreement between herself and the City.  In the
6  event the Court feels that Plaintiff's claim could benefit from more specific
7  allegations reflecting 1) that Plaintiff worked in excess of 40 hours per week, and
8  2) Defendant failed to provide Plaintiff with compensatory time in lieu of overtime
9  payments, Plaintiff requests permission to file a Third Amended Complaint as
10 necessary.

11     **2.**    **Plaintiff Contests Defendant's Failure to Provide Plaintiff**
12         **with Meal or Rest Periods is an Act of Retaliation in**
13         **Violation of the California Fair Employment and Housing**
14         **Act**

15     Section 12940 of FEHA prohibits retaliation by employers.  Specifically,
16 FEHA provides that it is unlawful "[f]or any employer . . . to discharge, expel, or
17 otherwise discriminate against any person because the person has opposed any
18 practices forbidden under this part."  Between about August 2008 and about
19 November 2008, Plaintiff worked 18 hour shifts during which she was not
20 afforded a meal break or even a 10 minute break because no other jailer was
21 assigned during her shift to relieve her.  As reflected in Plaintiff's February 2010
22 DFEH Complaint of Discrimination, Plaintiff contends Defendant's actions were
23 in retaliation against her for filing her initial DFEH Complaint in August 2008.
24 Plaintiff respectfully moves the court for leave to file her proposed Third
25 Amended Complaint alleging violations of FEHA.

26 //

27 //

28

### D. Defendant's Failure to Provide Plaintiff with the Settlement Agreement was an Adverse Employment Action

Defendant cites to *Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006), for the proposition that an adverse action for purposes of a retaliation claim is one that is "harmful to the point that [it] could well dissuade a reasonable worker form making or supporting a charge of discrimination."

Defendant argues that the Settlement Agreement offered to other Records Department employees simply requested a forfeiture of legal rights. Accordingly, failure to provide the document to Plaintiff is not adverse action for purposes of Title VII. However, what Defendant fails to recognize is that the Settlement Agreement offered to other employees in the Records Department contained a provision that allowed employees to keep their current work schedules. Therefore, Defendant's failure to provide Plaintiff with the Settlement Agreement materially affected the terms of her employment and is thus more than just a "petty slight" or "minor annoyance." (See Defendant's Motion p. 6, lines 20-21 and citing to *Burlington,* 548 U.S. at 57, 68.) Defendant's indirect threat to change Plaintiff's work schedule by virtue of the City's failure to provide Plaintiff with the Settlement Agreement is precisely the type of adverse treatment that is "likely to deter employees from engaging in protected activity." (Defendant's Motion, p. 9, lines 5-6, citing *Ray v. Henderson,* 218 F.3d 1234, 1237 (9th Cir. 2000)).

### E. Plaintiff Moves for Leave to Amend her Complaint to Include a Claim Under FEHA

Plaintiff notes the ruling in the related case of *Wilcher,* in which Judge Fairbanks cited to *Roman v. City of Los Angeles,* 85 Cal. App. 4th 315, 326 (2000) for the proposition that: "a claimant under Title VII must file a charge with the EEOC and receive a right-to-sue notice from the EEOC. In the event this honorable Court elects to adopt the ruling of *Wilcher,* Plaintiff respectfully moves

1    to amend her Complaint in order to add a state claim under FEHA for racial

2    discrimination. Plaintiff contends she has exhausted her administrative remedies

3    with respect to a state claim under FEHA in a manner consistent with the ruling in

4    *Wilcher* because, as outlined above, she has already obtained a Right-to-Sue

5    Notice from the DFEH.

6    **IV.    CONCLUSION**

7        For all the foregoing reasons, this Court should deny, in its entirety,

8    Defendant's 12(b)(6) Motion to Dismiss. Plaintiff respectfully moves for leave to

9    file her a Third Amended Complaint.

10

11

12    Dated: April 30, 2010            By:    /s/ Leo Terrell

13                                     Leo James Terrell
                                       Attorney for Plaintiff, Andrea Guy Jackson

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Subj: | **Activity in Case 2:10-cv-01804-VBF-AGR Peggy A. Wilcher v. City of Beverly Hills et al Order on Motion to Dismiss** |
|---|---|
| Date: | 4/21/2010 2:14:53 P.M. Pacific Daylight Time |
| From: | cacd_ecfmail@cacd.uscourts.gov |
| To: | ecfnef@cacd.uscourts.gov |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 4/21/2010 at 2:13 PM PDT and filed on 4/21/2010
**Case Name:**          Peggy A. Wilcher v. City of Beverly Hills et al
**Case Number:**     2:10-cv-01804-VBF-AGR
**Filer:**
**Document Number:** 17

**Docket Text:**
**MINUTES (IN CHAMBERS): ORDER by Judge Valerie Baker Fairbank granting in part and denying in part [6] Motion to Dismiss Second Amended Complaint. (kbr)**

**2:10-cv-01804-VBF-AGR Notice has been electronically mailed to:**

Nicole D Gomes     nicole.gomes@hro.com

Leo James Terrell     civil1975@aol.com

Donald L Samuels     suzanne.coffman@hro.com, donald.samuels@hro.com

**2:10-cv-01804-VBF-AGR Notice has been delivered by First Class U. S. Mail or by fax to: :**

Case 2:10-cv-02143-VBF-AGR   Document 8   Filed 04/30/10   Page 12 of 22   Page ID
Case 2:10-cv-01804-VBF-AGR   Document 17   Filed 04/21/10   Page 1 of 3
#146

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-1804-VBF(AGRx)**                Dated: **April 21, 2010**

Title:   Peggy A. Wilcher -*v*- City of Beverly Hills, et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

        Rita Sanchez                          None Present
        Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                          None Present

PROCEEDINGS (IN CHAMBERS):           **RULING ON DEFENDANT CITY OF BEVERLY
                                     HILLS' MOTION TO DISMISS SECOND
                                     AMENDED COMPLAINT PURSUANT TO FEDERAL
                                     RULE OF CIVIL PROCEDURE 12(b)(6)
                                     [Dkt. #6]**

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and
Local Rule 7-15, the Court finds that this matter is appropriate for
decision without oral argument. **The hearing calendared for this Motion
on April 26, 2010 at 1:30 p.m. is hereby vacated and the matter taken off
calendar.**

I.   **RULING**

    The Court has received, read, and considered Defendant City of
Beverly Hills' Motion to Dismiss the Second Amended Complaint (SAC)
Pursuant to Federal rule of Civil Procedure 12(b)(6) (dkt. #6);
Plaintiff's Opposition (dkt. #7); and Defendant's Reply (dkt. #12).  The
Court rules as follows:

1.   The Court GRANTS Defendant's Motion on the First Cause of Action
    (Retaliation in Violation of Title VII), with leave to amend.
    Plaintiff has failed to allege that she exhausted her administrative

---

MINUTES FORM 90                      Initials of Deputy Clerk   __rs__
CIVIL - GEN

Case 2:10-cv-02143-VBF-AGR   Document 8   Filed 04/30/10   Page 13 of 22   Page ID
Case 2:10-cv-01804-VBF-AGR   Document 17   Filed 04/21/10   Page 2 of 3
#:147

remedies for her retaliation claims that are set forth in the Second
Amended Complaint.

2.   The Court GRANTS Defendant's Motion on the Second Cause of Action
     (Willful Violation of the FLSA) with leave to amend, as to
     Plaintiff's claim that she was not compensated for overtime work.
     Plaintiff failed to allege that Defendant did not provide her with
     compensatory time off in lieu of overtime pay.

     The Court denies Defendant's Motion, without prejudice, as to
     Plaintiff's claims that she was not provided meal or rest periods.
     Defendant has not provided adequate support that these claims should
     be dismissed as a matter of law.

3.   The Court DENIES Defendant's Motion as to the Third Cause of Action
     (Retaliation in Violation of the FLSA) without prejudice.   Defendant
     has not adequately shown that Plaintiff's claim is insufficient as a
     matter of law.

Plaintiff shall have 15 days to file an amended complaint.   Defendant
shall have 15 days thereafter to respond.

In addition, the Court notes that in the Opposition, Plaintiff requests
for leave to file a Third Amended Complaint and attaches a Proposed Third
Amended Complaint.   This request not appropriate and therefore
disregarded.

## II.   ANALYSIS

### A.   First Cause of Action: Retaliation in Violation of Title VII

"Under Title VII, a plaintiff must exhaust her administrative
remedies by filing a timely charge with the EEOC, or the appropriate
state agency."   *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1099 (9th
Cir. 2002).   "[T]he plaintiff is permitted to assert in her civil
complaint any claims reasonably related to her original theory of the
case as it is made manifest in the factual allegations of her charge [to
the EEOC].   Title VII does not require that the plaintiff separately
exhaust additional claims that are 'so closely related [to the
allegations made in the charge] that agency action would be redundant.'"
*Id.* at 1102 (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1457 n.2 (9th Cir.
1990)).

Plaintiff's retaliation charges in the SAC include the following
three acts: (1) Plaintiff was denied promotional and transfer

MINUTES FORM 90                          Initials of Deputy Clerk ___rs___
CIVIL - GEN

Case 2:10-cv-02143-VBF-AGR   Document 8   Filed 04/30/10   Page 14 of 22   Page ID
#:148
Case 2:10-cv-01804-VBF-AGR   Document 17   Filed 04/21/10   Page 3 of 3

opportunities; (2) Plaintiff was required to work 10 hour shifts during which she was not provided with meal or rest periods; and (3) Plaintiff was not provided with a copy of a "Settlement Agreement and General Release of Claims" contract. *See* SAC (dkt. #1) ¶ 29. Plaintiff's charge filed with the EEOC in October 2008 only includes the allegation that she was denied additional personnel to assist with bookings. *See* SAC Exh. 3.

The Court grants Defendant's Motion on the First Cause of Action with leave to amend. As reflected in the moving papers, Plaintiff's claims in the SAC deal with different factual allegations of retaliation that are not encompassed in the charge filed with the EEOC in October 2008.

Additionally, Plaintiff's argument that she has exhausted administrative remedies by submitting a charge to the California Department of Fair Employment and Housing is not alleged in the SAC and insufficient as a matter of law. As set forth in the Reply, a claimant under Title VII must file a charge with the EEOC and receive a right-to-sue notice from the EEOC. *See Roman v. Cty. of Los Angeles*, 85 Cal. App. 4th 315, 326 (2000).

**B.   Second Cause of Action: Willful Violation of FLSA**

The Court grants Defendant's Motion with leave to amend on Plaintiff's claim that she was not compensated for overtime. Plaintiff has not alleged that Plaintiff worked in excess of 40 hours per week and that Defendant failed to provide compensatory time off in lieu of overtime pay. *See* 29 U.S.C. § 207(a)(1).

As to the other claims in the Second Cause of Action, Defendant's Motion is denied without prejudice. Defendant has not provided adequate grounds to support dismissal of Plaintiff's meal and rest period claims at this time.

**C.   Third Cause of Action: Retaliation in Violation of FLSA**

The Court denies Defendant's Motion on the Third Cause of Action without prejudice. Defendant has not provided adequate support that Plaintiff's claim is insufficient as a matter of law.

MINUTES FORM 90                         Initials of Deputy Clerk ____rs____
CIVIL - GEN

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGE.                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 West Seventh Street, Suite 1400 ,Los Angeles, CA 90017
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780



March 26, 2010


ANDREA GUY-JACKSON
20030 Eddington Drive
Carson, CA  90746

RE:    E200910R0408-00-rc
       <u>GUY-JACKSON/BEVERLY HILLS, CITY OF, POLICE DEPARTMENT</u>

Dear ANDREA GUY-JACKSON:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
February 3, 2010 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Tina Walker

Tina Walker
District Administrator

cc:     Case File

EEO Representative
BEVERLY HILLS, CITY OF, POLICE DEPARTMENT
464 N. Rexford Drive
Beverly Hills, CA  90210

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

| | | |
|---|---|---|
| H | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 | |
| C | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 | |
| R/S/T | 611 West Sixth Street, Suite 1500<br>Los Angeles, CA 90017<br>(213) 439-6799 | |
| M | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 | |
| E | 2000 "O" Street, Suite 120<br>Sacramento, CA 95814<br>(916) 445-5523 | |
| D | 1350 Front Street, Suite 3005<br>San Diego, CA 92101<br>(619) 645-2681 | |
| A | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 | |
| G | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 | |
| K | 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 | |

Ms. Sandra Olivencia-Curtis
Human Resources
City of Beverly Hills Police Dept
450 N. Rexford Drive
Beverly Hills, CA 90210

EEOC Number:
480-2008-03977

Case Name:
Andrea Guy-Jackson

Date: 8/21/2008

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Acting Director

Case 2:10-cv-02143-VBF-AGR    Document 8    Filed 04/30/10    Page 18 of 22    Page ID
Case 2:10-cv-02143-DMG-JC    Document 7    Filed 04/16/10    Page 1 of 5
#:155

Donald L. Samuels (State Bar No. 126287)
Email: donald.samuels@hro.com
Nicole D. Gomes (CA State Bar No. 218099)
Email: nicole.gomes@hro.com
HOLME ROBERTS & OWEN LLP
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone:  (213) 572-4300
Facsimile:   (213) 572-4400

Attorneys for Defendant
CITY OF BEVERLY HILLS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDREA GUY JACKSON<br>                    Plaintiff,<br><br>        v.<br><br>CITY OF BEVERLY HILLS, and DOES<br>1-20, inclusive,<br>                    Defendants. | CASE NO. CV10-2143 DMG (JCx)<br><br>HON. DOLLY GEE<br><br>**DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF RELATED CASE** |

DEFENDANT CITY OF BEVERLY HILLS' NOTICE OF RELATED CASE
*Andrea Guy Jackson v. City of Beverly Hills et al.*
Case No. CV-2143 DMG (JCx)

#18876 v1 lax

1    **TO ALL PARTIES APPEARING OF RECORD:**

2          This will serve as notice that *Wilcher v. City of Beverly Hills et al.*, United

3    States District Court, Central District, Case No. 2:10-CV-01804-VBF-AGR, appears

4    to be a related case in that it may call for the determination of the same or

5    substantially identical questions of law and/or fact.  Both the above-captioned case

6    and the *Wilcher* case have been filed against the City of Beverly Hills (the "City"),

7    and both cases have been brought by City jailers who were transferred into Record

8    Technician I positions.  In addition, both the plaintiff in the above-captioned case,

9    Andrea Guy Jackson ("Plaintiff"), and the plaintiff in the *Wilcher* case have brought

10   claims for: 1) Retaliation in Violation of Title VII of the Civil Rights Act of 1964

11   ("Title VII"); 2) Willful Violation of the Fair Labor Standards Act ("FLSA"); and 3)

12   Retaliation in Violation of the FLSA,[1] all of which claims are based on similar

13   allegations as they relate to each plaintiff, respectively.  Further, both the above-

14   captioned case and the *Wilcher* case will require determinations on:

15      • What constitutes "reasonably related" in terms of allegations in a previously-

16         filed Equal Employment Opportunity Commission ("EEOC") charge and

17         allegations in a subsequent civil complaint, for which allegations an EEOC

18         charge[s] has not been filed;

19      • Whether a plaintiff may exhaust her administrative remedies as to her

20         federal Title VII claims by filing a complaint with the state Department of

21         Fair Employment and Housing;

22      • Whether pay for daily overtime is required under federal law;

23      • Whether the City is allowed to provide compensatory time in lieu of

24         overtime pay;

25   _____

26

27   [1] Of note, Plaintiff also has brought a claim for Racial Discrimination in
     Violation of Title VII, which claim was not brought in the *Wilcher* case.

28
     _____
                                         1

#18876 v1 lax

1       • Whether federal law requires meal periods;

2       • Whether federal law allows pay in lieu of meal periods; and

3       • Whether federal law requires rest periods.

4       For the above-stated reasons, the *Wilcher* case appears to be related to the

5   above-captioned case.

6

7   Dated: April 16, 2010                    HOLME ROBERTS & OWEN LLP

8

9
                                            By: *s/*Nicole D. Gomes
10                                          _____
                                               Donald L. Samuels
11                                             Nicole D. Gomes
                                               Attorneys for Defendant
12                                             CITY OF BEVERLY HILLS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

#18876 v1 lax

1

**PROOF OF SERVICE**
**1013 A(3) CCP REVISED 5/1/88**

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

6

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 West Olympic Boulevard, 4th Floor, Los Angeles, CA 90015.

7

8

9

        On April 16, 2010, I served the foregoing document described as **DEFENDANT CITY OF BEVERLY HILL'S NOTICE OF RELATED CASE** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

10

**SEE ATTACHED SERVICE LIST**

11

12

13

14

15

        ☐  BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

        ☐  BY PERSONAL SERVICE:  I caused the above-mentioned document to be personally served to the offices of the addressee.

18

19

        ☒  BY ELECTRONIC MAIL:  I caused the above-referenced document to be served to the addressee on the attached service list via CM/ECF.

20

        Executed on April 16, 2010, at Los Angeles, California.

21

22

        ☒  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

25

_____
GERI ANDERSON

26

27

28

1
PROOF OF SERVICE

#18486 v1 lax

1

**SERVICE LIST**

2    Leo James Terrell                      *Attorney for Plaintiff*

3    LAW OFFICES OF LEO JAMES TERRELL
8383 Wilshire Boulevard, Suite 920

4    Beverly Hills, CA  90211
Telephone: 323-655-6909

5    Facsimile: 323-655-5104

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

#18486 v1 lax