1  LAW OFFICES OF LEO JAMES TERRELL
   8383 Wilshire Blvd., Suite 920
2  Beverly Hills, California 90211
   (323) 655-6805\FAX (323) 655-5104
3  LEO JAMES TERRELL, STATE BAR #149693

4  Attorneys for Plaintiff,
   Andrea Guy Jackson

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GUY JACKSON | ) CASE NO. CV 10-02143-VBF (AGRx) |
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION** |
| vs. | ) **FOR LEAVE TO FILE FOURTH** |
| | ) **AMENDED COMPLAINT AND MODIFY** |
| CITY OF BEVERLY HILLS, and DOES 1-20, inclusive, | ) **THE SCHEDULING ORDER;** |
| | ) **DECLARATION OF LEO JAMES** |
| Defendants. | ) **TERRELL; MEMORANDUM OF POINTS** |
| | ) **AND AUTHORITIES** |
| | ) Assigned to Honorable Valerie Baker |
| | ) Fairbank, Central District Judge |
| | Honorable Alicia G. Rosenberg, Magistrate Judge |
| | Date: December 27, 2010 |
| | Time: 1:30 p.m. |
| | Courtroom: 9 |

TO ALL INTERESTED PARTIES HEREIN:

PLEASE TAKE NOTICE that on December 27, 2010 at 1:30 p.m. in Courtroom No. 9 of United States District Court located 312 North Spring Street, Los Angeles, CA. 90012, Plaintiff, by and through her attorney of record, Leo James Terrell hereby applies to this Court for an order for leave to file a Fourth Amended Complaint and modify the deadline to file additional claims,

1

1 | which expired August 16, 2010. Plaintiff respectfully requests the deadline to file additional
2 | claims be extended to enable Plaintiff to file a fourth amended complaint.
3 |     Good cause exists for this motion in that since the filing of the original complaint, Plaintiff
4 | has suffered further acts of retaliation. Defendant refused to stipulate to allow Plaintiff to amend
5 | the complaint. If Plaintiff is unable to extend the deadline to file additional claims and file a
6 | fourth amended complaint, Plaintiff will be forced to file a separate state claim. However, because
7 | these additional acts of alleged retaliation arise from the same nucleus of operative facts as the
8 | original complaint, Plaintiff will seek to consolidate the anticipated separate state claim with the
9 | cause of action now before this Court.
10 |     Plaintiff bases this motion on the pleadings, papers and records filed in this action, the
11 | declaration of Leo James Terrell, the memorandum of points and authorities filed in support
12 | herein, and such oral and documentary evidence as the court may admit at the hearing of this
13 | motion.

DATED: November 23, 2010

                              LAW OFFICES OF LEO JAMES TERRELL


                  By:   <u>s/ Leo James Terrell</u>
                           Leo James Terrell
                           Attorney for Plaintiff

## DECLARATION OF LEO JAMES TERRELL

I, Leo James Terrell hereby declare and state as follows:

1. I am an attorney at law, licensed to practice law before all Courts of the State of California and United States District Court, Central District of California. I am the attorney of record for the Plaintiff herein.

2. I have personal knowledge of the facts as stated in this declaration and if called to testify I would, and could competently testify thereto.

3. This case arises from alleged acts of willful violation of the Fair Labor Standards Act and Retaliation against Plaintiff. Plaintiff is currently employed with the City of Beverly Hills Police Department in the Records Department. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on August 2, 2008. Plaintiff also lodged internal complaints with Defendant alleging discrimination between 2007 and 2009.

4. After lodging these complaints, Plaintiff applied for promotional and transfer opportunities with the Defendant in which she was well qualified for. Plaintiff was denied these promotional and transfer opportunities while less experienced employees were given the promotions or transfer opportunities. Plaintiff believes the failure to be promoted or transferred to certain positions was an act of retaliation for making complaints against Defendant.

5. Plaintiff worked 18-hour shifts between August 2008 and November 2008 for which she was not compensated. During these long work shifts, Plaintiff was not afforded a meal break or even a 10 minute break because no other jailer was assigned to relieve her. Plaintiff alleges these were further acts of retaliation for filing complaints against Defendant.

6. On or before December 2009, Plaintiff was informed that a new contract was circulating stating that employees who signed the contract would forfeit their right to sue Defendant for working excessive hours and, in turn, these employees would get to keep their current work schedules. Defendant failed to provide Plaintiff with this document even though it was provided to other employees who worked with Plaintiff in the Records Department. Plaintiff contends that Defendant's failure to provide her with this document is a further act of retaliation.

3

7. In January 2010, Plaintiff successfully passed her final evaluation and completed her probation period as a Records Technician. On February 3, 2010 Plaintiff filed another charge of retaliation with the Department of Fair Employment and Housing ("DFEH") regarding the failure to be provided with the circulating contract.

8. In March 2010, after filing the February DFEH charge, Plaintiff was put back on probation for "work improvement." Plaintiff did not receive any poor work performance evaluations between the time she successfully passed the initial probationary period in January 2010 and when she was put back on probation. Plaintiff alleges that the reinstatement of probation was an act of retaliation for filing the DFEH charge in February 2010.

9. Plaintiff filed an additional DFEH charge in October 2010 regarding the reinstatement of probation. Therefore, Plaintiff seeks to file a forth amended complaint to add these facts as evidence of further acts of retaliation. Attached and incorporated herein as **Exhibit 1** is a true and correct copy of Plaintiff's October 2010 DFEH charge.

10. I wrote Defendant a letter dated November 5, 2010 asking whether Defendant was willing to stipulate to the first amended complaint in lieu of filing this motion for leave to amend. Attached and incorporated herein as **Exhibit 2** is a true and correct copy of said letter.

11. Defendant responded in a letter dated November 11, 2010 that they will not stipulate to allow Plaintiff to amend the complaint because the deadline to file a motion to add claims expired on August 16, 2010, pursuant to the Scheduling Order . Attached and incorporated herein as **Exhibit 3** is a true and correct copy of Defendant's November 11, 2010 letter.

12. Although the deadline to amend the complaint to add additional claims expired on August 16, 2010, I will be forced to file a separate state claim to include the additional alleged acts of retaliation as described above. However, because these additional acts arise from the same nucleus of operative facts as the action now before this Court, I would also make a motion to consolidate this action with the anticipated state action. Therefore, in light of the fact Defendant is not willing to stipulate to the filing of the Fourth Amended Complaint, I had no choice but to submit this motion to modify the scheduling order to enable Plaintiff to file a Fourth Amended complaint.

13. I represent to this Court that good cause exists for the requested relief and that this motion is not made for the purposes of harassment or delay.

14. The parties conducted a Scheduling Conference on August 2, 2010.

15. Attached and incorporated herein as **Exhibit 4** is a true and correct copy of Plaintiff's Proposed Forth Amended Complaint. Attached and incorporated herein as **Exhibit 5** is a true and correct copy of Plaintiff's Proposed Certification as to Interested Parties on Forth Amended Complaint.

16. Based upon the foregoing, I respectfully request that this Court grant Plaintiff leave to file the Forth Amended Complaint and modify the scheduling order. It is requested that the documents are deemed filed and served as of the date of the hearing of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 23, 2010, at Beverly Hills, California.

                                                s/ Leo James Terrell
                                                Leo James Terrell, Declarant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  THIS COURT SHOULD GRANT PLAINTIFF LEAVE TO FILE THE FORTH AMENDED COMPLAINT AND MODIFY THE SCHEDULING ORDER BECAUSE PLAINTIFF WOULD OTHERWISE BE FORCED TO FILE A SEPARATE STATE CLAIM FOR ACTS OF RETALIATION THAT ARISE FROM THE SAME NUCLEUS OF OPERATIVE FACTS AS THE CLAIM NOW BEFORE THIS COURT**

Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. FRCP 15(a). The rules require that "leave shall be freely given when justice so requires." FRCP 15(a). Federal policy strongly favors determination of cases on their merits and therefore leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the party of the moving party. Forman vs. Davis (1962) 371 U.S. 178, 182, 83 S. Ct. 227, 230; FilmTec Corp. vs. Hydranautics (Fed. Cir. 1995) 67 F.3d 931, 935-936; Martinez vs. Newport Beach City (9th Cir. 1997) 125 F. 3d 777, 785.

Further, pursuant to Federal Rule of Civil Procedure 16 (b)(4), a schedule may be modified for good cause and with the judge's consent. Good cause exists in this case to extend the date to file additional claims to enable Plaintiff to file a Fourth Amended Complaint.

As mentioned above, the deadline to amend the complaint to add additional claims expired on August 16, 2010. However, denial of Plaintiff's motion to amend the complaint will force Plaintiff to file a separate state claim. The anticipated separate state claim arises from the same nucleus of operative facts now before this Court. Therefore, Plaintiff would seek to consolidate the anticipated separate state claim with the action now before this Court.

**II.  CONCLUSION**

Based upon the foregoing, it is respectfully requested that this Court extend the deadline to file additional claims to enable Plaintiff leave to file the Forth Amended Complaint . It is requested that both documents are deemed filed and served on the date of the hearing of this motion.

DATED: November 23, 2010

                LAW OFFICES OF LEO JAMES TERRELL

                By:  s/ Leo James Terrell

                Leo James Terrell, Attorney for Plaintiff