1  Donald L. Samuels (State Bar No. 126287)
   Email: donald.samuels@hro.com
2  Diba D. Rastegar (State Bar No. 230681)
   Email: diba.rastegar@hro.com
3  HOLME ROBERTS & OWEN LLP
4  800 W. Olympic Blvd., 4th Floor
   Los Angeles, CA 90015
5  Telephone:  (213) 572-4300
6  Facsimile:   (213) 572-4400

7  Attorneys for Defendant
8  CITY OF BEVERLY HILLS

9
                   UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11
                        WESTERN DIVISION
12

13

14  ANDREA GUY JACKSON              CASE NO. CV-10-2143 VBF(AGRx)
15            Plaintiff,
                                    HON. VALERIE B. FAIRBANK
16     v.
                                    **DEFENDANT CITY OF BEVERLY**
17  CITY OF BEVERLY HILLS, and DOES **HILLS' MEMORANDUM OF**
18  1-20, inclusive,                **POINTS AND AUTHORITIES IN**
                                    **SUPPORT OF ITS OPPOSITION TO**
            Defendants.             **PLAINTIFF'S MOTION FOR LEAVE**
19                                  **TO FILE FOURTH AMENDED**
20                                  **COMPLAINT**
21
                                    Date Hearing:    December 27, 2010
22                                  Time:            1:30 p.m.
23                                  Courtroom:       9
                                    Amendment
24                                  Cut-Off Date:    August 16, 2010
25
26
27
28

#24135 v1 lax

Defendant City of Beverly Hills ("the City") files this Memorandum of Points and Authorities in Support of its Opposition to Plaintiff Andrea Guy Jackson's ("Plaintiff") Motion For Leave to File a Fourth Amended Complaint And Modify The Scheduling Order ("Motion").

## I.    INTRODUCTION

More than eight months from the date Plaintiff contends the retaliation claim arose, and more than three months after the date set forth in the Court's case management scheduling order setting August 16, 2010, as the parties' deadline to file a motion for leave to add new claims, Plaintiff now seeks leave to rewrite her operative complaint for the fourth time. Plaintiff has not shown "good cause" for failing to comply with the Court's August 16, 2010 deadline. Accordingly, Plaintiff should not be permitted to take a fourth bite of the apple.

Plaintiff's Motion for leave to file a fourth amended complaint is dilatory and futile and should be denied on each of the following **four** grounds:

(1)    Plaintiff has not shown and cannot show "good cause" for her failure to comply with the Court's deadlines as set out in the scheduling order entered on August 2, 2010. Plaintiff contends the retaliation claim arose in March 2010, yet she waited nearly eight months before seeking leave to file a fourth amended complaint, long after her deadline to seek such an amendment had passed on August 16, 2010. Because Plaintiff has failed to offer any explanation for her failure to amend her complaint before the Court's clearly communicated deadline, the Court should not modify the scheduling order to permit Plaintiff to make an amendment.

(2)    Plaintiff cannot add a cause of action for retaliation under the Fair Employment and Housing Act ("FEHA") because she has failed to exhaust her administrative remedies with the Department of Fair Employment and Housing ("DFEH") by obtaining a "right-to-sue" letter from the Department before attempting

1

#24135 v1 lax

1  to file an amended complaint through the FEHA cause of action.  Cal. Gov't Code §
2  12965(b).

3      (3)  This Court lacks supplemental jurisdiction over Plaintiff's proposed state
4  law claim because her newly asserted FEHA retaliation claim does not arise out of the
5  same "nucleus of operative facts" as her FLSA overtime claim.

6      (4)  Plaintiff has no excuse for failing to assert a retaliation claim before the
7  August 16, 2010 deadline.

8      Plaintiff's dilatory conduct, failure to exhaust her administrative remedies and
9  flawed understanding of jurisdictional standards warrant denying this motion.  The
10  City of Beverly Hills respectfully submits that, in these circumstances, both law and
11  equity support this Court in refusing to modify the scheduling order to allow Plaintiff
12  the opportunity to file a fourth amended complaint.

13  ## II.  STATEMENT OF FACTS

14  ### A.  Factual Background.

15      Plaintiff is a current employee of the City's Police Department.  (Proposed
16  Fourth Amended Complaint ("Proposed FAC"), ¶ 15, lines 17-18).  She began
17  working for the City in or about 1993 as a jailer, until about November 2008, when
18  she was transferred to the Records Department.  (Proposed FAC, ¶ 16, lines 19-21).

19      Sometime in January 2010, Plaintiff allegedly passed her final evaluation and
20  completed her probation period as a Records Technician.  (Proposed FAC, ¶ 28)
21  Plaintiff alleges that on February 3, 2010, she filed a charge of retaliation with the
22  California Department of Fair Employment and Housing ("DFEH") regarding the
23  City's alleged retaliation against her for not giving her a copy of the "Settlement
24  Agreement and General Release of Claims."[1]  (Proposed FAC, ¶ 29)  Plaintiff alleges

25
26
27  [1] Although the Court has dismissed Plaintiff's prior claims of retaliation without
leave to amend and this issue is no longer before the Court, Plaintiff previously
28

2

DEFENDANT CITY OF BEVERLY HILLS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT
*Andrea Guy Jackson v. City of Beverly Hills et al.*
Case No. CV-10-2143 VBF(AGRx)

#24135 v1 lax

1   that in March 2010, after filing the retaliation complaint with the DFEH, she was put
2   back on probation for work improvement. (Proposed FAC, ¶ 30, lines 14-15)  Placing
3   Plaintiff back on probation allegedly subjected her to termination and denied her
4   opportunity to seek a position in Accounts Payable. (Proposed FAC, ¶ 31)  Plaintiff
5   alleges that her reinstatement to probation was an act of retaliation for filing the
6   DFEH charge in February 2010.  (Proposed FAC, ¶ 31, lines 19-20)

7          **B.     Procedural Background.**

8          On August 20, 2009, Plaintiff filed her original Complaint, a true and correct
9   copy of which is attached to the City's Notice of Removal as Exhibit "D."  On
10  December 24, 2009, Plaintiff filed a First Amended Complaint, a true and correct
11  copy of which is attached to the City's Notice of Removal as Exhibit "E."  Pursuant to
12  the parties' stipulation and the order of the Los Angeles Superior Court, Plaintiff filed
13  a Second Amended Complaint that was deemed filed as of February 26, 2010.  The
14  City moved to dismiss the Second Amended Complaint, which motion was granted in
15  part and denied in part, without prejudice.

16         On June 1, 2010, Plaintiff filed a Third Amended Complaint.  Plaintiff's Third
17  Amended Complaint alleged causes of action for (1) retaliation in violation of Title
18  VII of the Civil Rights Act of 1964; (2) racial discrimination in violation of Title VII
19  of the Civil Rights Act of 1964; (3) willful violation of Fair Labor Standards Act; and
20  (4) retaliation in violation of California Fair Employment and Housing Act.  The City
21  moved to dismiss the Third Amended Complaint.  On July 23, 2010, the Court issued

22
23  _____
24  alleged she was not given a copy of the "Settlement Agreement and General Release
25  of Claims," while this document was allegedly provided to other employees.  The
    document allegedly provided that employees who signed the letter would forfeit their
26  right to sue the City for having to work excessive hours and, in turn, the employees
27  would keep their current work schedules.

28                                        3

#24135 v1 lax

1 | an Order dismissing, *without leave to amend*, Plaintiff's claims for retaliation and race
2 | discrimination in violation of Title VII of the Civil Rights Act of 1964 and retaliation
3 | in violation of California Fair Employment and Housing Act.  Plaintiff's cause of
4 | action for "willful violation of Fair Labor Standards Act" remained as the only cause
5 | of action against the City.  *See* Court Order dated July 23, 2010, Re Defendant City of
6 | Beverly Hills' Motion to Dismiss Third Amended Complaint, a true and correct copy
7 | of which is attached to the City's Opposition as Exhibit "A."

8 | The Court held a pretrial conference on August 2, 2010, and on the same day, it
9 | filed a pretrial scheduling order that established a timetable for amending the
10 | pleadings.  Pursuant to the Court's scheduling order, the parties' deadline to amend
11 | pleadings expired on August 16, 2010--two weeks from the date of the Court's August
12 | 2, 2010 Order.  On August 5, 2010, the City filed a timely answer.

13 | Now, on November 23, 2010, more than eight months after she was placed back
14 | on probation in alleged retaliation for filing a DFEH charge in February 2010, and
15 | well past the August 16, 2010 deadline set in the scheduling order, Plaintiff has
16 | suddenly decided to seek leave to file a Fourth Amended Complaint.  Plaintiff has
17 | been well aware of its current theory of retaliation for more than eight months, yet she
18 | disregarded the Court's deadline and has offered no explanation for her dilatory action
19 | to seek leave to amend her pleading within the Court's mandated deadline.

20 | Accordingly, Plaintiff's Motion For Leave to File a Fourth Amended Complaint
21 | should be denied.

22 | ## III.   ARGUMENT

23 | ### A.    Standard For Amendment Of Pleadings.

24 | In her moving paper, Plaintiff argues that under the liberal standards of Federal
25 | Rule of Civil Procedure 15(a), she should be "freely given" leave to file an amended
26 | complaint unless the City shows the amendment would result in undue delay and
27 | prejudice, is the result of bad faith, or would be futile.  *See* Plaintiff's Memorandum of

28 |

#24135 v1 lax

1  Points and Authorities In Support of Her Motion For Leave to File a Fourth Amended
2  Complaint, Section I, pg. 6, lines 8-13.  Plaintiff's reliance on the liberal standards of
3  Rule 15(a) for amendment of pleadings after the deadline to make amendments has
4  long expired is erroneous and misguided.  Instead, Plaintiff must satisfy, which she
5  has failed to do here, the more stringent "good cause" standards under Rule 16.

6       Once the district court sets a schedule for pretrial motions, as it did here, and
7  after a scheduling order deadline has expired, the standards of Rule 16 of the Federal
8  Rule of Civil Procedure govern amendment of pleadings.  *Johnson v. Mammoth*
9  *Recreations Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (once the district court has filed a
10 pretrial scheduling order pursuant to FRCP 16 which established a timetable for
11 amending pleadings, Rule 16's standards control); *Coleman v. the Quaker Oats*
12 *Company*, 232 F.3d 1271 (9th Cir. 2000) (it was proper for the district court to address
13 the issue regarding amendment of pleadings under FRCP 16 because it had filed a
14 pretrial scheduling order that established a timetable for amending the pleadings, and
15 the deadline had expired before plaintiffs moved to amend); *S&W Enterprises, L.L.C.*
16 *v. Southtrust Bank of Alabama*, 315 F.3d 533 (5th Cir. 2003) (Rule 16(b) governs
17 amendment of pleadings after a scheduling order deadline has expired).

18      In such a scenario, a belated motion to amend pleadings has to satisfy the more
19 stringent "good cause" showing required under Rule 16 and the party could not appeal
20 to the liberal amendment procedures afforded by Rule 15.  *Amerisourcebergen Corp.*
21 *v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2005); *Coleman, supra*, 232 F.3d at
22 1294. Only upon the moving party's demonstration of "good cause" to modify the
23 scheduling order, will the more liberal standard of Rule 15(a) apply to the district
24 court's decision to grant or deny leave.  *See e.g., Parker v. Columbia Pictures*
25 *Industries*, 204 F.3d 326, 342 (2nd Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195
26 F.3d 430, 437 (8th Cir. 1999).

27
28

#24135 v1 lax

1    Even under the liberal standards of the Federal Rule of Civil Procedure 15(a)

2  regarding leave to amend, the Supreme Court has held that a plaintiff should *not* be

3  permitted to amend a complaint if the amendment would result in undue delay, is the

4  result of bad faith, would result in prejudice to the opposing party, or would be futile.

5  *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276,

6  1293 (9th Cir. 1983) ("futile amendments should not be permitted"); *Jackson v. Bank*

7  *of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (denying leave to amend complaint on

8  grounds of prejudice and undue delay).

9        **B.    The Court Should Deny Plaintiff's Motion Because Plaintiff Has Not**

10            **Offered A "Good Cause" Explanation For Her Lack Of Diligence In**

11            **Complying With The Court's August 16, 2010 Deadline.**

12    The party seeking to amend a pleading after the date specified in the Court's

13  scheduling order must first show "good cause" for amendment under Rule 16(b).

14  *Johnson, supra*, 975 F.2d 604, 608 (9th Cir. 1992); *Coleman, supra*, 232 F.3d at 1294

15  (party must show good cause for not having amended complaint before the time

16  specified in the scheduling order expired); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d

17  754, 761 (11th Cir. 1995) ("compelling reasons" why amendment could not have been

18  presented earlier).

19    Contrary to Rule 15(a)'s liberal amendment policy which focuses on the bad

20  faith of the party seeking to interpose an amendment and the prejudice to the opposing

21  party, Rule 16(b)'s "good cause" standard largely considers the diligence of the party

22  seeking the amendment. *S&W Enterprises*, 315 F.3d at 535. The district court may

23  modify the pretrial schedule "if it cannot reasonably be met despite the diligence of

24  the party seeking the extension." *Harrison Beverage Co. v. Dribeck Importers, Inc.*,

25  133 F.R.D. 463, 469 (D.N.J. 1990); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th

26  Cir. 2002) (the primary measure of Rule 16's "good cause" standard is the moving

27  party's diligence in attempting to meet the case management order's requirements);

28

6

#24135 v1 lax

1   *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind. 1990); 6A

2   Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed.

3   1900) ("good cause" means scheduling deadlines cannot be met despite party's

4   diligence).

5       Carelessness does not satisfy the finding of diligence. *Johnson, supra*, 975 F.2d

6   at 609 ("carelessness is not compatible with a finding of diligence and offers no

7   reason for a grant of relief"); *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d

8   1038 (9th Cir. 1992) (ignorance or carelessness not a ground for relief under Rule

9   60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.

10  1971) (same); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same); *O'Connell v.*

11  *Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004) (for Rule 16 to operative effectively, a

12  plaintiff cannot be permitted to treat a scheduling order as a "frivolous piece of paper

13  idly entered, which can be cavalierly disregarded without peril").

14      As discussed above, Plaintiff's contends the retaliation claim arose in March

15  2010. (Proposed FAC ¶¶ 28-31)  Plaintiff had an affirmative duty to allege at the

16  pretrial conference all factual and legal bases upon which she wished to litigate the

17  case. *See Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 192 n.13 (5th

18  Cir. 1985); *Hargett, supra*, 60 F.3d at 761 (court properly denied amendment which

19  was filed more than eight months after the pretrial order was entered).  Likewise,

20  Plaintiff had an affirmative duty to obey the Court's clearly communicated deadlines.

21  Plaintiff did not raise the new allegation at the pretrial conference, nor did she amend

22  her complaint to raise this issue before her August 2010 deadline.  She simply waited

23  until late November 2010, to raise this issue--for the first time--in her amended

24  complaint.  Plaintiff has offered no explanation whatsoever for why she waited until

25  November 23, 2010, to seek to amend her complaint.  This conduct does not constitute

26  diligence.

27

28

The *only* claim presently before the Court is Plaintiff's claim for overtime under the Fair Labor Standards Act. Plaintiff's position that "good cause" is present because the alleged retaliation claim arises from the same nucleus of operative facts as her FLSA claim is factually and legally misleading. As discussed in greater detail in Section D below, the claims for alleged retaliation are wholly unrelated to claims for overtime under the FLSA. Therefore, the Court should deny Plaintiff's request to modify the scheduling order in order to grant her the opportunity to amend her pleading.

C.    **Even If The Court Finds "Good Cause" To Modify The Scheduling Order To Permit An Amendment, Leave To Amend Is Futile Because Plaintiff Cannot Maintain Her Cause Of Action For Retaliation Against The City As She Has Failed To Exhaust Her Administrative Remedies With The Department Of Fair Employment And Housing.**

Federal courts routinely deny leave to amend where the claims sought to be added would be futile. *See, e.g., Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (affirming denial of leave to amend based on futility); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (affirming denial on futility grounds); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (amendment denied because the proposed amendment is subject to dismissal).

Under the California Fair Employment and Housing Act, the failure to file an administrative charge and receive a right-to-sue letter before filing a claim is ground for dismissal of the claim in violation of the FEHA. *See, e.g. Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001); *Parks v. Bd. of Trs. of the Cal. State Univ.*, 2010 U.S. Dist. LEXIS 9034, *9 (E.D. Cal. Feb. 2, 2010). The exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *See*

8

DEFENDANT CITY OF BEVERLY HILLS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT
*Andrea Guy Jackson v. City of Beverly Hills et al.*
Case No. CV-10-2143 VBF(AGRx)

#24135 v1 lax

1  *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 716 (9th Cir.
2  1990); *see also Carter v. Smith Food King*, 765 F.2d 916, 921-22 (9th Cir. 1985)
3  (failure to exhaust administrative remedies is a bar to the maintenance of a civil
4  action).

5      Although Plaintiff attached to her Proposed Fourth Amended Complaint the
6  administrative charge for retaliation that she filed with the DFEH (Proposed FAC,
7  Exhibit 1), the Proposed Fourth Amended Complaint does not indicate that a right-to-
8  sue letter has been issued for her FEHA retaliation cause of action.

9      Because the proposed amendment is subject to dismissal for failure to exhaust
10  the administrative remedies, Plaintiff's claim is futile, and her motion for leave to file
11  an amended complaint should be denied. *See Deutsch v. Turner Corp.*, 324 F.3d 692,
12  718 (9th Cir. 2003) (denying leave to amend complaint where amendment would be
13  futile because statute of limitations had run).

14    **D.    Leave To Amend Should Be Denied Because Plaintiff's FEHA**
15         **Retaliation Claim Does Not Arise Out Of The Same "Nucleus Of**
16         **Operative Facts" As The Overtime FLSA Claim.**

17      Where the complaint is based on federal question jurisdiction, as is the case
18  here, amendments to add state law claims may be permitted if they arise out of the
19  same "nucleus of operative facts" as the federal claim. In such cases, the federal court
20  has discretion to exercise "supplemental jurisdiction" over the related state law claims.
21  *See* 28 U.S.C. § 1367(a); *Lyon v. Whisman*, 45 F.3d 758 (3rd Cir. 1995).

22      Courts have refused to exercise supplemental jurisdiction over state claims
23  totally unrelated to a cause of action under federal law. *See Whisman, supra*, 45 F.3d
24  at 763. *Nicol v. Imagematrix, Inc.*, 767 F. Supp. 744 (E.D. Va. 1991). In *Whisman*,
25  the court refused to permit plaintiff to bootstrap state law contract and tort claims into
26  her federal FLSA claim. In declining to entertain state contract and tort claims in a
27  FLSA suit, the court pointedly noted that Lyon's FLSA claim involved very narrow,
28

9

#24135 v1 lax

1  well-defined factual issues about hours she worked during particular weeks, whereas

2  the facts relevant to Lyon's state law contract and tort claims, which involved

3  defendant's alleged underpayment of a bonus and its refusal to pay the bonus if Lyon

4  started looking for another job, were quite distinct. *Whisman, supra,* 45 F.3d at 763.

5  Based on these circumstances, the court held that there was no "common nucleus of

6  operative fact" justifying supplemental jurisdiction over the state law claims because

7  there was little overlap between the evidence relevant to the FLSA and state claims.

8  *Id.*

9       The holding in *Whisman* is compelling and the case before this Court sets forth

10  facts that are far more attenuated than those in *Whisman.* In *Whisman,* the court

11  refused to exercise supplemental jurisdiction over Lyon's state law contract and tort

12  claims on the ground that they were totally unrelated to her federal FLSA claim, even

13  though both the state and federal claims involved issues related to wage and hour law.

14  Here, Plaintiff's claims are for overtime under the FLSA on one hand, and retaliation

15  under the FEHA on the other. The facts relevant to Plaintiff's retaliation claim under

16  the FEHA involve her allegation that in March 2010, she was placed on probation for

17  work improvement. This fact is wholly distinct from the facts pertaining to her FLSA

18  claim that between August 2008 and November 2008, she worked overtime and was

19  allegedly not compensated for it. Plaintiff's alleged incidents of retaliation in March

20  2010 are entirely separate from the issues about the limited number of overtime hours

21  she worked in 2008 for which she was allegedly not compensated. These separate

22  events can hardly be ground as the "common nucleus of operative facts," justifying

23  supplemental jurisdiction over the state law retaliation claim.

24      **E.**    **Plaintiff Has No Excuse For Failing To Assert Her Retaliation Claim**

25            **Earlier.**

26      In determining whether a plaintiff has unduly delayed in seeking to amend a

27  complaint, courts look to "whether the moving party knew or should have known the

28                            10

#24135 v1 lax

1  facts and theories raised by the amendment in the original pleading." *Bank of Hawaii,*
2  *supra,* 902 F.2d at 1388. A plaintiff's delay is particularly relevant in deciding
3  whether to grant leave to amend "when no reason is given for the delay." *Lockheed*
4  *Martin Corp. v. Network Solutions,* 194 F.3d 980, 986 (9th Cir. 1999). Moreover,
5  "late amendments to assert new theories are not reviewed favorably when the facts
6  and the theory have been known to the party seeking amendment since the inception
7  of the cause of action. *Acri v. International Ass'n of Machinists & Aerospace*
8  *Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (denying motion for leave to amend
9  where plaintiff chose not to bring a cause of action in the original pleading as a
10  tactical decision).

11  Plaintiff has known of the acts that it now asserts give rise to her claim for
12  retaliation since March 2010. She was served with the Court's pretrial scheduling
13  order on August 2, 2010, and therefore had knowledge of her deadline to amend
14  pleadings since that date. Plaintiff's failure to assert between March 2010 and August
15  16, 2010 the retaliation claim that she now seeks to assert is inexcusable.

16  **F.    The Declaration Of Plaintiff's Counsel Submitted In Support Of**
17  **Plaintiff Motion Is Inadmissible On Multiple Grounds And Should**
18  **Not Be Considered By The Court.**

19  The majority of the paragraphs in Mr. Leo James Terrell, Esq.'s self-serving
20  declaration submitted in support of his client's Motion For Leave to File a Fourth
21  Amended Complaint are inadmissible, should be stricken from the record and not
22  considered by the Court.

23  Courts refuse to consider declarations that fail to establish the declarant's
24  personal knowledge. *Block v. City of L.A.,* 253 F.2d 410, 419 (9th Cir. 2001)
25  (declaration properly excluded on the basis that the declarant did not establish the
26  basis of his personal knowledge); *Bank Melli Iran v. Shams Pahlavi,* 58 F.3d 1406,

27

28

11

#24135 v1 lax

1412-1413 (9th Cir. 1995) (declaration is entitled to no weight because the declarant did not establish he had personal knowledge).

While Mr. Terrell's declaration colorfully details some of Plaintiff's allegations, he has not laid the necessary foundation to establish that he has personal knowledge of what transpired in Plaintiff's workplace and the facts he purports to testify about have nothing to do with the allegations in the proposed Fourth Amended Complaint. In addition, most of the testimony is inadmissible hearsay. On this basis, the City requests that the objectionable evidence be stricken from the record and that inadmissible evidence not be considered by the Court.

## IV.    CONCLUSION

Plaintiff has delayed too long to seek the Court's leave to amend her complaint. For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File a Fourth Amended Complaint.

Dated:  December 6, 2010                HOLME ROBERTS & OWEN LLP


                                        By:  s/Diba D. Rastegar
                                             Donald L. Samuels
                                             Diba D. Rastegar
                                             Attorneys for Defendant
                                             CITY OF BEVERLY HILLS

DEFENDANT CITY OF BEVERLY HILLS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT
*Andrea Guy Jackson v. City of Beverly Hills et al.*
Case No. CV-10-2143 VBF(AGRx)

#24135 v1 lax

EXHIBIT A

Case 2:10-cv-02143-VBF-AGR   Document 30   Filed 12/06/10   Page 15 of 21   Page ID
#:345
Case 2:10-cv-02143-VBF-AGR   Document 22   Filed 07/23/10   Page 1 of 5   Page ID #:264

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-2143-VBF(AGRx)**                    Dated: **July 23, 2010**

Title:   Andrea Guy Jackson -v- City of Beverly Hills, et al.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Joseph Remigio                              None Present
Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**      **COURT ORDER RE DEFENDANT CITY OF
                                    BEVERLY HILLS' MOTION TO DISMISS THIRD
                                    AMENDED COMPLAINT PURSUANT TO FEDERAL
                                    RULE OF CIVIL PROCEDURE 12(B)(6), OR,
                                    IN THE ALTERNATIVE, AS TO THE FOURTH
                                    CLAIM, TO STRIKE PORTIONS OF THE CLAIM
                                    PURSUANT TO FEDERAL RULE OF CIVIL
                                    PROCEDURE 12(F) (DKT. #19)**

**Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local
Rule 7-15, the Court finds that this matter is appropriate for decision
without oral argument.  Accordingly, the hearing set for August 2, 2010
at 1:30 p.m. on Defendant's Motion is vacated and the matter taken off
calendar.  The Scheduling Conference set for August 2, 2010 at 8:30 a.m.,
however, remains on calendar.**

The Court has received, read, and considered Defendant City of Beverly
Hills' Motion to Dismiss Third Amended Complaint ("TAC") Pursuant to
Federal Rule of Civil Procedure 12(b)(6) (dkt. #19); Plaintiff's
Responses and Non-Opposition (dkt. #20); and Defendant's Reply (dkt.
#21).  The Court ruling is as follows:

MINUTES FORM 90                     Initials of Deputy Clerk ____jre____
CIVIL - GEN

-1-

Case 2:10-cv-02143-VBF-AGR   Document 30   Filed 12/06/10   Page 16 of 21   Page ID
#:346
Case 2:10-cv-02143-VBF-AGR   Document 22   Filed 07/23/10   Page 2 of 5   Page ID #:265

(1) The Court GRANTS Defendant's Motion on the First Cause of Action
(Retaliation in Violation of Title VII), WITHOUT LEAVE TO AMEND.  The
Court granted Plaintiff leave to amend this claim from the Second Amended
Complaint ("SAC") (dkt. #14), and Plaintiff's allegations have not
changed.

(2) The Court GRANTS Defendant's Motion on the Second Cause of Action
(Racial Discrimination in Violation of Title VII), WITHOUT LEAVE TO
AMEND.

(3) The Court GRANTS Defendant's Motion on the Fourth Cause of Action
(Retaliation in Violation of the California Fair Employment and Housing
Act), WITHOUT LEAVE TO AMEND.  Plaintiff improperly added this cause of
action to the TAC (it was not present in the SAC).  This ruling is
without prejudice to Plaintiff's right to properly seek leave to add a
new cause of action.

(4) The Third Cause of Action remains.  Defendant has 14 days from the
date of this Order within which to file an Answer.

## I. First Cause of Action (Retaliation in Violation of Title VII)

     Defendant asserts that Plaintiff's First Cause of Action should be
dismissed because Plaintiff failed to exhaust her administrative
remedies, which is required to bring a suit under Title VII.  Plaintiff's
argument in the TAC that she exhausted administrative remedies by
receiving a right-to-sue letter from the California Department of Fair
Employment and Housing ("DFEH") (TAC ¶ 31) is insufficient as a matter of
law to exhaust her administrative remedies for the Title VII claim.

     "Under Title VII, a plaintiff must exhaust her administrative
remedies by filing a timely charge with the EEOC, or the appropriate
state agency." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.
2002).  Filing a claim with the DFEH and getting a related right-to-sue
letter from the DFEH does not exhaust administrative remedies for the
Title VII claim. *Roman v. County of Los Angeles*, 85 Cal. App. 4th 316,
326 (2000) (holding that a DFEH right-to-sue notice does not exhaust
administrative remedies as to Title VII claims).  To exhaust
administrative remedies, a plaintiff must both file a charge with the
EEOC and receive a related right-to-sue letter from the EEOC. *See* 42
U.S.C. 2000e-5(f)(1).

     As stated in Plaintiff's DFEH right-to-sue letter (incorporated into
the TAC as Ex. 3), "[i]f a federal notice of Right-To-Sue is wanted, the
[EEOC] must be visited to file a complaint within 30 days of receipt of
this DFEH [right-to-sue letter] or within 300 days of the alleged

MINUTES FORM 90                          Initials of Deputy Clerk _____jre____
CIVIL - GEN

-2-

Case 2:10-cv-02143-VBF-AGR   Document 30   Filed 12/06/10   Page 17 of 21   Page ID
#:347
Case 2:10-cv-02143-VBF-AGR   Document 22   Filed 07/23/10   Page 3 of 5   Page ID #:266

discriminatory act, whichever is earlier." As Plaintiff's DFEH right-to-sue letter was issued on March 26, 2010, Plaintiff had until April 25, 2010 to file a complaint with the EEOC. Plaintiff has not alleged that she has filed a complaint with the EEOC, and the April 25, 2010 deadline has now passed.

Accordingly, the Court GRANTS Defendant's Motion on the First Cause of Action WITHOUT LEAVE TO AMEND. Leave to amend would be futile. The Court granted Plaintiff leave to amend this claim from the SAC (dkt. #14), and Plaintiff's allegations have not changed.

Additionally, Plaintiff states that she does not oppose Defendant's Motion to Dismiss Plaintiff's First Cause of Action in light of the Court's rulings in *Peggy A. Wilcher v. City of Beverly Hills, et al.*, United States District Court, Central District of California, Case Number 2:10-cv-01804-VBF-AGR, dkt. #26.

## II. Second Cause of Action: Racial Discrimination in Violation of Title VII

Defendant argues that Plaintiff's Second Cause of Action for Race Discrimination in Violation of Title VII fails because Plaintiff's August 6, 2008 EEOC charge was procedurally untimely. Pursuant to 42 U.S.C. 2000e-5(e)(1), a plaintiff is required to file a charge with the EEOC 180 days after occurrence of an alleged act of discrimination, and within 300 days if the plaintiff first files a related complaint with the DFEH. *See also EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110 (1988). As Plaintiff failed to allege satisfaction of this requirement, leave to amend would be futile. Accordingly, given the record of briefing on this issue, the Court GRANTS Defendant's Motion on the Second Cause of Action, WITHOUT LEAVE TO AMEND.

Defendant asserts that Plaintiff filed with the EEOC first (TAC ¶ 21), and therefore was required to file an EEOC charge within 180 days of the alleged discrimination. Defendant asserts that Plaintiff failed to meet this requirement. In May 2007, Plaintiff applied for, but was denied the position of Jail Supervisor (TAC ¶ 37). Plaintiff asserts in her August 6, 2008 EEOC Charge that she became aware of her non-selection on or about November 10, 2007 (TAC, Ex. 1). Defendant alleges that this started the 180-day statute of limitations. *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (holding that the limitations period runs from when an employee is notified of an adverse employment decision). Thus, Plaintiff was required to file her related EEOC charge by May 8, 2008, yet she did not file it until August 6, 2008.

MINUTES FORM 90                     Initials of Deputy Clerk _____jre_____
CIVIL - GEN

-3-

Additionally, Plaintiff states that she does not oppose Defendant's Motion to Dismiss Plaintiff's Second Cause of Action in light of the Court's rulings in *Peggy A. Wilcher v. City of Beverly Hills, et al.*, United States District Court, Central District of California, Case Number 2:10-cv-01804-VBF-AGR, dkt. #26.

## III. Third Cause of Action: Willful Violation of Fair Labor Standards Act

Defendant does not contest Plaintiff's Third Cause of Action for Willful Violation of the Fair Labor Standards Act. This cause of action remains.

## IV. Fourth Cause of Action: Retaliation in Violation of the California Fair Employment and Housing Act

In her Fourth Claim, Plaintiff contends that Defendant retaliated against her in violation of California Fair Employment and Housing Act by: (1) making her work 18-hour shifts without meal or rest breaks; (2) failing to promote or transfer her; and (3) failing to provide her with a document entitled "Settlement Agreement and General Release of Claims." Defendant claims that each of these allegations fail.

The Court GRANTS Defendant's Motion on the Fourth Cause of Action, WITHOUT LEAVE TO AMEND, as Plaintiff's improperly added this cause of action to the TAC. In Plaintiff's SAC (dkt. #1), the Fourth Cause of Action was Retaliation in Violation of the Fair Labor Standards Act. In Plaintiff's Opposition to the Defendant's Motion to Dismiss the SAC, Plaintiff requested leave to file a TAC to add a state claim under the California Fair Employment and Housing Act. The Court found that this request was not appropriate in the Opposition, and advised Plaintiff that she must file a separate motion to add a new cause of action. Nonetheless, in Plaintiff's TAC, the Fourth Cause of Action was for Retaliation in Violation of the California Fair Employment and Housing Act. Thus, because this cause of action was improperly added, it is dismissed without leave to amend. This is without prejudice to Plaintiff's right to file a proper Motion seeking leave to add a new cause of action.

Additionally, Plaintiff states that she does not oppose Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action in light of the Court's rulings in *Peggy A. Wilcher v. City of Beverly Hills, et al.*, United States District Court, Central District of California, Case Number 2:10-cv-01804-VBF-AGR, dkt. #26.

## V. Plaintiff's Request for Leave to Amend

In her Opposition papers, Plaintiff requests that the Court grant 15 days leave to amend its Third Amended Complaint to conform with the Court's rulings in *Wilcher*. In *Wilcher*, the Court granted, with leave to amend, Defendant's Motion to Dismiss Plaintiff's cause of action for retaliation in violation of California's Fair Employment and Housing Act. However, the Court's decision in *Wilcher* was based on facts particular to that plaintiff's claim. Further, Plaintiff Jackson does not specify how the *Wilcher* decision gives her reason to amend her Fourth Cause of Action for Retaliation in Violation of California's Fair Employment and Housing Act.

Plaintiff's request is not properly presented as a Motion for Leave to Amend and is not adequately supported. Therefore, the request for leave to amend is denied without prejudice to Plaintiff's right to file a Motion for Leave to Amend, or to seek a Stipulation from Defendant.

**IT IS SO ORDERED.**

## PROOF OF SERVICE
## 1013 A(3) CCP REVISED 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 800 West Olympic Boulevard, 4th Floor, Los Angeles, CA 90015.

    On December 6, 2010, I served the foregoing document described as **DEFENDANT CITY OF BEVERLY HILLS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

☐    BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY PERSONAL SERVICE:  I caused the above-mentioned document to be personally served to the offices of the addressee.

☒    BY ELECTRONIC MAIL:  I caused the above-referenced document to be served to the addressee on the attached service list via CM/ECF.

    Executed on December 6, 2010, at Los Angeles, California.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
GERI ANDERSON

1
**PROOF OF SERVICE**

#18486 v1 lax

1

## **SERVICE LIST**

2

Leo James Terrell                                      *Attorney for Plaintiff*
LAW OFFICES OF LEO JAMES TERRELL
3   8383 Wilshire Boulevard, Suite 920
Beverly Hills, CA  90211
4   Telephone: 323-655-6909
Facsimile: 323-655-5104
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

#18486 v1 lax